UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| JESSE THOMAS JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:06-CV-173 |
| | ) Chief Judge Curtis L. Collier |
| DOLLAR GENERAL CORPORATION | ) |
| Defendant. | ) |

## MEMORANDUM

Before the Court is Defendant Dolgencorp, Inc.'s[1] ("Defendant") motion to dismiss (Court File No. 3) and memorandum in support (Court File No. 4). Plaintiff Jesse Thomas Johnson ("Plaintiff") filed a response (Court File No. 7) in opposition to Defendant's motion. For the following reasons, the Court will **GRANT** Defendant's motion (Court File No. 3).

## I. RELEVANT FACTS

After reviewing all of the documents submitted by both parties, the Court finds the following facts relevant to deciding Defendant's motion. On or about November 3, 2003, Plaintiff was hired by Defendant to work at a Dollar General Store in Johnson City, Tennessee (Court File No. 1, Complaint ("Compl."), Part III, ¶ 1). Plaintiff was discharged from employment on December 24, 2003 (*id.* at ¶ 20).

---

[1] Although Plaintiff and the caption of this case identify the defendant as being Dollar General Corporation, in Defendant's motion to dismiss, Defendant stated this identification was incorrect; the defendant is actually Dolgencorp., Inc.

On August 14, 2006, Plaintiff filed a complaint in this Court, alleging he endured "uninvited, illegal, unlawful and egregious conduct designed to intentional [sic] inflict emotional distress on him" (*id*. at p. 1). Plaintiff went on to state Defendant deprived him "of his civil rights, subjected him to blatant sex discrimination, subjected him to demeaning and continuing sexual harassment, forced him to endure a continuing sexually hostile work environment, unlawfully restrained his person and was ultimately wrongfully and in retaliatory [sic] discharged from Defendant's employment because of his reporting the sexual misconduct of the employer's management and other employees" (*id*. at pp. 1-2). Plaintiff claims that his assistant manager, Skip Davis, and his coworker, Robert Watford, are responsible for this alleged misconduct (*id*. at ¶ 27).

According to the complaint, Plaintiff seeks relief pursuant to "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 1983, 2000e, *et seq*., 28 U.S.C. Sections 1331 and 1346, the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. Section 4-21-101, *et seq*., and under Federal and Tennessee Common Law" (*id*. at p. 1). Defendant moves to dismiss all but one of Plaintiff's claims.

## II.  STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *Broyde v. Gotham Tower, Inc*., 13 F.3d 994, 996 (6th Cir. 1994). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting courts should neither weigh evidence nor evaluate the credibility of witnesses);

*Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and determine whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citations and quotation marks omitted). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

**III. DISCUSSION**

Defendant moves to dismiss all of Plaintiff's claims, except those brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). As grounds, Defendant states Plaintiff's state-law and federal common law claims are barred by the applicable statute of limitations. Furthermore, Defendant states Plaintiff has no action under § 1983 because the complaint does not allege Defendant was acting under color of state law. Finally, Defendant contends Plaintiff's disparate impact claim should be dismissed because the complaint does not allege any facts to support such a claim. The Court will address each of Defendant's arguments in turn.

3

### A. Personal Tort Claims and THRA claim

Defendant argues Plaintiff's state-law claims for physical assault, false imprisonment, intentional infliction of emotional distress and claims under the THRA are subject to a one-year statute of limitations. Since Plaintiff's complaint was filed one-year after the alleged conduct took place, Defendant requests the Court to dismiss these claims. In support of its argument, Defendant cites Tenn. Code Ann. § 28-3-104 (establishing a one-year statute of limitations for personal tort actions) and *Mason v. Metro. Dev. and Hous. Agency*, No. 01-A-01-9806-CH-00283, 1999 WL 326177, *3 (Tenn. Ct. App. May 25, 1999) ("The statute of limitations for filing complaints under the Tennessee Human Rights Act is one year.").

The Court is unsure what Plaintiff's response is to Defendant's argument. While Plaintiff states he does not disagree with the holding in *Mason*, he also engages in a lengthy discussion of how it is "clear that the factual allegations could give rise to traditional state law tortious causes of action, such as false imprisonment or assault or intentional infliction of emotion distress . . ."; there is federal common law; the use of the words false imprisonment, assault, and intentional infliction of emotional distress "do not equate to the Plaintiff filing for relief under a state law action, but may go to damages the Plaintiff is entitled to by a jury award"; and it is perfectly fine for Plaintiff to point out these theories (Court File No. 7, Plaintiff's Response to Defendant's Motion to Dismiss ("Pl.'s Response"), at pp. 2-3).

Claims brought pursuant to the THRA are subject to a one-year statute of limitations. *See* Tenn. Code Ann. § 4-21-311(d); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 464 (6th Cir. 2001); *Weber v. Moses*, 938 S.W.2d 387, 389-90 (Tenn. 1996). Likewise, Plaintiff's state-law claims for physical assault, false imprisonment, and intentional infliction of emotional distress are subject to

a one-year statute of limitations period. *See* Tenn. Code Ann. § 28-3-104 (establishing a one-year statute of limitations for personal injuries, including assault and false imprisonment); *Leach v. Taylor*, 124 S.W.3d 87, 91 (Tenn. 2004) ("[I]ntentional infliction of emotional distress is a personal injury tort, governed by the general one-year statute of limitations.") (citing Tenn. Code Ann. § 28-3-104); *Wade*, 259 F.3d at 464.

Plaintiff's causes of action are based upon events that occurred during his employment at Defendant's Dollar General store. The term of Plaintiff's employment was November 3, 2003 to December 24, 2003; however, Plaintiff did not file this complaint until August 14, 2006. Thus, the complaint was filed well past the one-year statute of limitations. While Plaintiff did, at some point prior to the filing of the complaint, file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), that did not toll the statute of limitations for the THRA. *See Martin v. Boeing-Oak Ridge Co.*, 244 F. Supp. 2d 863, 871 (E.D. Tenn. 2002) ("THRA's one-year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRA or the EEOC.") (internal citations and quotations omitted). Similarly, no circumstances exist by which the statute of limitations for the personal tort actions would be tolled. Accordingly, Plaintiff's state-law claims for physical assault, false imprisonment, intentional infliction of emotion distress, and under the THRA are time-barred, and Defendant's motion to dismiss will be **GRANTED** as to these claims.

## B. Section 1983 Claim

Defendant argues Plaintiff's § 1983 claim should be dismissed because the complaint fails to allege Defendant was acting under the color of state law, a necessary element of any § 1983 claim. In his response, Plaintiff states this issue is moot because Plaintiff explained to defense

counsel the inclusion of § 1983 in the complaint was a typographical error. The Court notes while this issue may be moot with regard to the parties it is not moot as to the Court because Plaintiff has done nothing to correct this typographical error. Although Plaintiff states he "will agree to amend the Complaint to remove any Section 1983 allegation," Plaintiff has yet to do so. Accordingly, the Court will address this issue.

"To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must properly allege two elements: (1) the defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Dismissal of Plaintiff's § 1983 claims is proper for two reasons. First, although Plaintiff's complaint alleges this action was brought, in part, pursuant to § 1983, the complaint does not contain any allegations that Defendant was acting under the color of state law. Second, Plaintiff's statements that the inclusion of § 1983 in the Complaint was a typographical error is basically an admission that no cause of action under § 1983 exists. Accordingly, the Court will **GRANT** Defendant's motion on this issue, and Plaintiff's § 1983 claim will be **DISMISSED**.

### C. Disparate Impact Claim

Defendant argues Plaintiff's disparate impact claim should be dismissed because Plaintiff failed to allege any facts in his complaint to support this claim. Specifically, Defendant contends the complaint does not allege a disparity in Defendant's workforce nor does it allege a specific employment practice was responsible for such disparity. Defendant also states Plaintiff has not alleged he is a member of a protected group affected by such employment practice. Plaintiff, on the other hand, argues paragraphs 12, 38, and 40 of the complaint provide support for his prayer of relief. Plaintiff goes on to argue it is premature for this determination to be made since discovery

has not been taken (Pl.'s Response at p. 5, ¶ 7). Finally, Plaintiff states "it was and is the intent, however, for the words 'disparate treatment' as used in the Plaintiff's allegations to be supportive of Plaintiff's Prayer, Paragraph Number 2, where in it reads 'subject to disparate terms and conditions of employment.'" *Id.*

A claim for disparate impact exists where a plaintiff alleges a facially neutral employment practice had a disproportionately negative effect on a protected group. *Huguley v. Gen. Motors Corp.*, 52 F.3d 1364, 1370 (6th Cir. 1995). Nowhere in his complaint or responsive pleading does Plaintiff allege the existence of a policy that is facially neutral but discriminatory in its impact. Even the paragraphs of the complaint specifically pointed to by Plaintiff are devoid of such allegations. In fact, one of the paragraphs, paragraph 12, contains no mention of allegations that support a disparate impact claim. *See* Compl. at ¶ 12 (discussing sexual harassment and hostile work environment claims). While paragraph 40 does make mention of the words "disparate impact,"[2] these words alone amount to nothing more than bare assertions of legal conclusions and thus are insufficient to defeat a motion to dismiss. *Scheid*, 859 F.2d at 436. Even after liberally construing the complaint in favor of Plaintiff, the Court finds Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.,* 127 S.Ct. at 1974. For that reason, Plaintiff's argument that discovery has not been taken is irrelevant since Plaintiff must first state a viable claim. Since Plaintiff has failed to do so with respect to his disparate impact claim,

---

[2]The Court notes Plaintiff also stated, in paragraph 38 of the complaint, that he "suffered disparate treatment." Since Plaintiff cited paragraph 38 to refute Defendant's argument Plaintiff had not stated a claim for disparate impact, it appears Plaintiff has mistakenly used the terms disparate impact and disparate treatment interchangeably. Of course, disparate impact and disparate treatment are two distinct legal theories, and as such, the terms should not be used interchangeably.

Defendant's motion to dismiss that claim will be **GRANTED**.

IV. **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss will be **GRANTED**. Accordingly, Plaintiff's state-law claims for physical assault, false imprisonment, intentional infliction of emotional distress and under the THRA will be **DISMISSED**. Likewise, Plaintiff's § 1983 and disparate impact claim will be **DISMISSED**.[3]

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3]Since Plaintiff still has Title VII claims remaining, a notice will be issued soon setting this matter for a scheduling conference.