UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JESSE THOMAS JOHNSON,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　No. 2:06-CV-173
　　　　　　　　　　　　　　　　　　)　　Chief Judge Curtis L. Collier
DOLLAR GENERAL CORPORATION,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

**MEMORANDUM**

Before the Court is plaintiff Jesse Johnson's ("Plaintiff") Motion for Reconsideration And/Or New Trial (Doc. No. 15).[1] Plaintiff requests the Court reconsider the dismissal of his state-law claims in its Order (Doc. No. 13) granting defendant Dolgencorp, Inc.'s[2] ("Defendant") motion to dismiss. Defendant filed a response to Plaintiff's motion, in which it opposed reconsideration (Doc. No. 20), to which Plaintiff filed a reply (Doc. No. 22).[3] For the following reasons, the Court will **GRANT** Plaintiff's motion for reconsideration (Doc. No. 15) and **REINSTATE** Plaintiff's state-law claims for physical assault, false imprisonment, intentional infliction of emotional distress, and violations of the Tennessee Human Rights Act ("THRA").

---

[1]The Court will construe Plaintiff's motion as one for reconsideration and not as a motion for a new trial since there has been no trial.

[2]Although Plaintiff and the caption of this case identify the defendant as being Dollar General Corporation, Defendant stated in its motion to dismiss that this identification was incorrect; the defendant is actually Dolgencorp, Inc.

[3]Plaintiff earlier filed a motion for extension of time to file its reply (Doc. No. 21). That motion will be **GRANTED** and Plaintiff's reply will be considered timely.

## I. RELEVANT FACTS

On or about November 3, 2003,[4] Plaintiff was hired by Defendant to work at a Dollar General Store in Johnson City, Tennessee (Doc. No. 1, p. 4, pt. III, ¶ 1). While working there, Plaintiff contends Defendant caused him "to be deprived of his civil rights, subjected him to blatant sex discrimination, subjected him to demeaning and continuing sexual harassment, forced him to endure a continuing sexually hostile work environment, unlawfully restrained his person and was ultimately wrongfully and in retaliatory [sic] discharged from Defendant's employment because of his reporting the sexual misconduct of the employer's management and other employees" (*Id*. at pp. 1-2).

Plaintiff was discharged on December 24, 2003 (*id*. at p. 12, ¶ 23). Plaintiff's complaint states he "was a 16 year old minor" at the time these acts occurred (*id.* at p. 3, pt. II). Plaintiff's complaint also states he was 16 years old when employed by Defendant "on or about November 3, 2003" (*id*. at p. 4, pt. III).

At some point, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (*id.* at p. 3). On August 14, 2006, Plaintiff filed a complaint in this Court seeking relief pursuant to "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 1983, 2000e, *et seq*., 28 U.S.C. Sections 1331 and 1346, the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. Section 4-21-101, *et seq*., and under Federal and Tennessee Common Law" (*id*. at p. 1). Plaintiff also alleged physical assault, false imprisonment, and intentional infliction of emotional distress (*id*. at ¶ 40). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant filed

---

[4]Plaintiff's motion for reconsideration states Plaintiff began work on or about October 13, 2003 (Doc. No. 15, p. 1). Because the Court is reconsidering a motion to dismiss, the Court will use the date in Plaintiff's complaint, November 3, 2007.

a motion to dismiss (Doc. No. 3) all of Plaintiff's claims except the Title VII claim. Defendant's basis for dismissing the state-law claims, specifically physical assault, false imprisonment, intentional infliction of emotional distress, and violations of the THRA, was that they were time-barred. Plaintiff filed a response (Doc. No. 7), which did not address whether the claims were time-barred, and the Court granted Defendant's motion (Doc. No. 13). Now, Plaintiff has moved to reconsider the dismissal of the state-law claims on the grounds that Plaintiff's status as a minor tolled the statute of limitations for those claims (Doc. No. 15). Defendant filed a response objecting to reconsideration on the grounds that Plaintiff's previous failure to plead facts and make arguments in support of tolling has waived tolling, or alternatively, Plaintiff should be estopped from relying on the tolling statute (Doc. No. 20). Plaintiff filed a reply, which disputed Defendant's arguments (Doc. No. 22).

## II.  STANDARD OF REVIEW

Plaintiff's motion for reconsideration does not cite any rule or law allowing the Court to reconsider its previous order. In Plaintiff's reply, he cites Fed. R. Civ. P. 59(b) and (e) as the relevant rule. Those sections concern altering or amending judgment, so are inapplicable because final judgment was not entered. Instead, the Court will rely on its inherent power and Rule 54(b) to afford relief "as justice requires." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (unpublished). "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943). In addition, Rule 54(b) expressly allows the Court to revise this

3

non-final order at any time before entry of judgment. *See Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 946 (6th Cir. 2004) (unpublished). Rule 54(b) does not proscribe any standards or bases for revisions. *See Al-Sadoon v. FISI\*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 900-01 (M.D. Tenn. 2002). Nor does this Court have a local rule on such matter. *See generally* E.D.TN. LR. Therefore, motions for reconsideration are at the Court's discretion. *Rodriguez*, 89 F. App'x at 952; *Update Art, Inc. v. Charnin*, 110 F.R.D. 26, 38 (S.D.N.Y. 1986) (citing *Marconi*, 320 U.S. at 47-48).

Assuming the Court decides to reconsider its original ruling, in reviewing the motion for reconsideration of a motion to dismiss, the Court will use the standard for the underlying motion, namely the Rule 12(b)(6) standard. *R & J Holding Co. v. Redevelopment Auth.*, 165 F. App'x 175, 178 n.5 (3d Cir. 2006) (unpublished); *cf. Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003) (using summary judgment standard when reviewing a motion for reconsideration of summary judgment). When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v.*

4

*Gibson,* 355 U.S. 41, 45-46 (1957)).

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citations and quotation marks omitted). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

## III. DISCUSSION

The Court concludes there has been a manifest error of law that warrants modifying its previous Order. In that Order, the Court dismissed Plaintiff's state-law claims for physical assault, false imprisonment, intentional infliction of emotional distress, and violations of the THRA because the complaint was filed after the one-year statute of limitations. Plaintiff moves to reconsider on the grounds that the statute of limitations was tolled by Plaintiff's minority and therefore his complaint was timely.

There is a one-year statute of limitations for personal tort actions. Tenn. Code Ann. § 28-3-104. The statute of limitations is also one year for complaints under the THRA. Tenn. Code Ann. § 4-21-311(d); *Mason v. Metro. Dev. and Hous. Agency*, No. 01-A-01-9806-CH-00283, 1999 Tenn. App. LEXIS 325, *7-8, 1999 WL 326177, *3 (Tenn. Ct. App. May 25, 1999). However, Tenn. Code Ann. § 28-1-106 tolls the statute of limitations until a minor reaches age 18:

> If the person entitled to commence an action is, at the time the cause of action accrued, either under the age of eighteen (18) years, or of unsound mind, such

person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action . . . .

§ 28-1-106.

Plaintiff's complaint states he was 16 when employed "on or about November 3, 2003."[5] It also states he was "was a 16 year old minor" at the time he worked for Defendant. Because he was under 18, the statute of limitations did not begin to run until he turned 18. Although it would have been helpful if Plaintiff had included his specific birth date in his complaint, he was not required to. *See* E.D.TN. LR 7.3(c). Construing the facts in the light most favorable to Plaintiff, he was 16 as of early November, 2003. He thus turned 18 no earlier than November 2005. He then had one year to file his complaint, giving him until at least early November 2006. Because Plaintiff filed this cause of action before then, on August 14, 2006, he complied with the requirements of § 28-1-

---

[5]In his motion for reconsideration, Plaintiff states he was born November 7, 1987 (Doc. No. 15, p. 1). However, Defendant contends Plaintiff was born November 7, 1986, which would mean his complaint is time-barred (Doc. No. 20, pp. 6-7). Defendant requests the Court to treat the statement that Plaintiff was 16 when employed "on or about November 3, 2003" as a judicial admission that Plaintiff turned 17 on November 7, 2003, and was therefore born on November 7, 1986 (*id.*). The Court has discretion to consider a statement a judicial admission and will only do so if the statement is "deliberate, clear and unambiguous." *United States v. Burns*, 109 F. App'x 52, 58 (6th Cir. 2004) (unpublished). The statement in the complaint merely states Plaintiff's age on a certain date. It does not indicate that he turned 17 on November 7, 2003, or that he was born on November 7, 1986, so it cannot be a judicial admission of such. Furthermore, the statement is not clear and unambiguous because it may mean he was 16 during most of his period of employment, not necessarily on November 3, 2003. The Court understands Defendant's frustration with the inconsistent and sloppy use of dates in Plaintiff's complaint, but the statement is not a judicial admission of anything. Defendant also asks the Court to rely on a signed statement by Plaintiff listing November 7, 1986, as his birth date (Doc. No. 20, p. 7 & Exh. 7). Plaintiff states this was a typographical error by the Equal Employment Opportunity Commission and notes that other evidence shows Plaintiff's actual birth date is one year later (Doc. No. 22, p. 2 & Exh. 1; Doc. No. 15, Exh. 1). This is not a motion for summary judgment, so the Court will rely on the factual allegations in Plaintiff's complaint, not extrinsic evidence from either party.

6

106, and his action is not time-barred.

Defendant, relying on a group of century-old Tennessee cases that have not been cited by any court in almost as long, claims Plaintiff was required to "affirmatively plead facts that avoid the bar of the statute of limitations" (Doc. No. 20, pp. 2-3).[6] Without deciding the applicability of these cases, the Court nevertheless agrees with the proposition that Plaintiff must plead facts to justify tolling the statute of limitations. As discussed, Plaintiff has (just barely) done that by stating he was 16 at the time of employment, which put Defendant on notice that the statute of limitations would be tolled.

Defendant states the Court should nevertheless reject Plaintiff's motion for reconsideration because his original response to the motion to dismiss did not mention the tolling statute or its applicability to the facts of this case (Doc. No. 20, p. 3, referring to Doc. No. 7). This a very tempting argument as the Court does not wish to excuse the filing of deficient briefs. Nevertheless, because the state-law claims were not time-barred, it would not be "just" to punish Plaintiff by dismissing those claims, even in light of his counsel's glaring mistakes. *See* Fed. R. Civ. P. 1.

Defendant makes two additional arguments for not tolling the statute of limitations, both of which lack merit. First, Defendant contends that, as stated in *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 461 (6th Cir. 2001), the Tennessee statute of limitations does not allow for tolling Title VII claims, so tolling should not apply to Plaintiff's parallel Tennessee law claims either. This is incorrect. *Wade* supports the proposition that each statutory scheme has its own statute of limitations. Thus, the statute of limitations for Plaintiff's Tennessee claims is governed by

---

[6]The cases Defendant cites are *Gross v. Disney*, 32 S.W.632 (Tenn. 1895); *Sully v. Childress*, 60 S.W. 499 (Tenn. 1900); *Gernt v. Cusack*, 59 S.W. 335 (Tenn. 1900); *Jenkins v. DeWar*, 82 S.W. 470 (1904); *Dewey v. Sewanee Fuel & Iron Co.*, 191 F. 450 (M.D. Tenn. 1910).

7

Tennessee law.

Second, Defendant argues Plaintiff should be estopped from relying on tolling because he pursued his claims through an administrative process before turning 18. Tolling protects minors since they are "helpless to protect" themselves. *Parlato v. Howe*, 470 F. Supp. 996, 999 (E.D. Tenn. 1979). Defendant cites no support for the proposition that tolling does not apply to some minors.

Defendant's motion to dismiss provided no other grounds for dismissing the state-law claims. Because Plaintiff presented facts in his complaint which tolled the statute of limitations, his state-law claims for physical assault, false imprisonment, intentional infliction of emotional distress, and violations of the THRA are not time-barred and will be **REINSTATED**.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration (Doc. No. 15) will be **GRANTED** and Plaintiff's state-law claims for physical assault, false imprisonment, intentional infliction of emotional distress, and violations of the THRA will be **REINSTATED**.

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**